IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

19-CR-6140FPG

PATRICK W. CARLINEO, JR.,

Defendant.



## PLEA AGREEMENT

The defendant, PATRICK W. CARLINEO, JR., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a two-count Information which charges:

   a. In Count 1, a violation of Title 18, United States Code, Section 115(a)(1)(B) (threatening a United States official), for which the maximum possible sentence is a term of 10 years imprisonment, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years; and

   b. In Count 2, a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of firearms), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years.

c. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 – 18 U.S.C. § 115(a)(1)(B)

First, that the defendant threatened to assault or murder a United States official; and

Second, that the defendant acted with the intent to impede, intimidate, or interfere with such United States official while she was engaged in the performance of official duties or with intent to retaliate against such United States official on account of the performance of official duties.

The term "United States official" includes a Member of Congress. 18 U.S.C. § 115(c)(4).

## Count 2 – 18 U.S.C. § 922(g)(1)

First, that the defendant knowingly possessed the firearms, as charged in the Information;

Second, at the time the defendant possessed the firearms, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

Third, at the time the defendant possessed the firearms, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, that the possession of the firearms was in or affecting commerce.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. On or about March 21, 2019, in the Western District of New York, the defendant, PATRICK W. CARLINEO, JR., did threaten to assault and murder Congresswoman Ilhan Omar, a Member of Congress from the 5th Congressional District in Minnesota, with the intent to impede, intimidate, and interfere with Congresswoman Omar while she was engaged in the performance of her official duties, and with intent to retaliate against Congresswoman Omar on account of the performance of her official duties.

   b. Specifically, on or about March 21, 2019, at approximately 12:20 p.m., the defendant, using a cellular telephone, placed a telephone call to the offices of Congresswoman Omar in Washington, D.C. At the time of the call, the defendant was physically present in Addison, New York, in the Western District of New York. A member of Congresswoman Omar's staff answered the call. During the call, the defendant stated, "Do you work for the Muslim Brotherhood? Why are you working for her, she's a fucking terrorist." The staff member recalls that the defendant then stated, "I'll put a bullet in her fucking skull." The defendant recalls that he stated, "Somebody ought to put a bullet in her skull. Back in the day, our forefathers would have put a bullet in her fucking skull." The defendant admits and agrees that both of these

3

statements constituted threats to assault and murder Congresswoman Omar, and that he made these threats with the intent to impede, intimidate, and interfere with Congresswoman Omar while she was engaged in the performance of her official duties, and to retaliate against her on account of the performance of her official duties. In addition, the defendant admits that he told the Federal Bureau of Investigation (FBI) that he made the threatening telephone call because he hates individuals he views as radical Muslims being in the United States government; he believes that Congresswoman Omar supports Hamas and the Muslim Brotherhood; and he believes that Congresswoman Omar's election to the United States Congress to be illegitimate.

c. On or about April 5, 2019, in the Western District of New York, the defendant, PATRICK W. CARLINEO, JR., knowingly and unlawfully possessed, in and affecting commerce, firearms, namely one (1) Llama-Gabilondo y Cia, Model Max-1, .45 caliber semi-automatic pistol, bearing serial number 13456-95, loaded with six (6) rounds of .45 auto caliber ammunition; one (1) Tristar, Model Cobra, 12 gauge pump-action shotgun, bearing serial number H9A01913; one (1) Savage, Model Axis, .308 caliber bolt-action rifle, bearing serial number H921203; one (1) Rossi, Model M2022, 20 gauge break-barrel shotgun, bearing serial number SP481856; one (1) Winchester, Model 190, .22 caliber semi-automatic rifle, bearing serial number B1601774; and one (1) SKS-style, 7.62x39mm semi-automatic rifle, bearing serial number 24044013, from an unknown manufacturer. The defendant also possessed hundreds of rounds of .45 caliber, .22 caliber, .308 caliber, 7.62x39mm caliber, and shotgun ammunition. The defendant possessed the above-referenced firearms and ammunition at his residence at 6480 County Road 21, Addison, New York.

d. The defendant was convicted on or about September 3, 1998, in County Court, Steuben County, New York, of Criminal Mischief in the Second Degree, a Class D felony, in violation of New York State Penal Law § 145.10. Said conviction was punishable by a term of imprisonment exceeding one year, the defendant receiving an actual sentence of five years' probation and, after a violation of probation, one year in jail. The defendant knew – at the time he possessed the firearms described in ¶ 4(c), above – that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. Neither the State of New York, nor any other government authority, has restored the rights of the defendant to lawfully possess firearms.

e. The firearms described in ¶ 4(c), above, were not manufactured in the State of New York, and thus had at some time prior to the defendant's possession, traveled in interstate commerce.

4

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction in Count 1 and provides for a base offense level of 12.

7. The government and the defendant agree that Guidelines § 2K2.1(a)(7) applies to the offense of conviction in Count 2 and provides for a base offense level of 12.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristic does apply to Count 1:

   a. the four-level decrease pursuant to Guidelines § 2A6.1(b)(6) (offense involved single instance evidencing little or no deliberation).

9. The government and the defendant agree that the following specific offense characteristic does apply to Count 2:

   a. the two-level increase pursuant to Guidelines § 2K2.1(b)(1)(A) (offense involved three to seven firearms).

### U.S.S.G. CHAPTER 3 ADJUSTMENTS

10. The government and the defendant agree that the following adjustment to the base offense level does apply to Count 1:

a. the six-level increase of Guidelines § 3A1.2(b) (victim was government officer or employee, offense motivated by such status, and applicable Chapter Two guideline is from Chapter Two, Part A).

## ADJUSTED OFFENSE LEVEL

11. Based on ¶¶ 6 through 10 of this agreement, and Guidelines § 3D1.4, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is 16.

## ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 13.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of 13 and criminal history category of I, the defendant's sentencing range would

be a **term of imprisonment of 12 to 18 months, a fine of $5,500 to $55,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

15. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

16. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

17. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

18. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

19. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 19-MJ-4052.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

22. In exchange for the defendant's pleas of guilty pursuant to this agreement, the government agrees not to charge Lisa Caslin with violations of Title 18, United States Code, Sections 922(g)(1) and 2 (aiding and abetting the possession of firearms and/or ammunition by a convicted felon), and 1001(a) (false statements), arising out of the events that occurred on or about and between March 29, 2019, and April 5, 2019, at 6480 County Road 21, Addison, New York.

## VII. APPEAL RIGHTS

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. **FORFEITURE PROVISIONS**

### **FIREARM AND AMMUNITION FORFEITURE**

26. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to the immediate entry of a <u>Preliminary Order of Forfeiture</u> pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property, all of which was seized at 6480 County Road 21, Addison, New York, on April 5, 2019:

   a. one (1) Llama-Gabilondo y Cia, Model Max-1, .45 caliber semi-automatic pistol, bearing serial number 13456-95;

   b. one (1) Tristar, Model Cobra, 12 gauge pump-action shotgun, bearing serial number H9A01913;

   c. one (1) Savage, Model Axis, .308 caliber bolt-action rifle, bearing serial number H921203;

   d. one (1) Rossi, Model M2022, 20 gauge break-barrel shotgun, bearing serial number SP481856;

   e. one (1) Winchester, Model 190, .22 caliber semi-automatic rifle, bearing serial number B1601774;

   f. one (1) SKS-style, 7.62x39mm semi-automatic rifle, bearing serial number 24044013, from an unknown manufacturer;

Various ammunition, including but not limited to:

- g. nine (9) 12 gauge shotgun shells (Remington);
- h. twenty four (24) 20 gauge shotgun shells;
- i. eight (8) rounds of TulAmmo ammunition;
- j. two (2) rounds of .45 auto caliber ammunition (CTT);
- k. one (1) round of .306 caliber ammunition (Winchester);
- l. nineteen (19) rounds of .308 caliber ammunition (Winchester);
- m. one (1) round of .22L caliber ammunition (Winchester);
- n. one (1) round of 7.62x39mm caliber ammunition;
- o. two (2) rounds of .22 short caliber ammunition;
- p. four (4) rounds of .308 caliber ammunition (FC Winchester);
- q. thirty nine (39) rounds of .22 caliber ammunition (Aguila);
- r. one hundred and fifty (150) rounds of .22 long caliber ammunition (Lellier & Bellot);
- s. forty (40) rounds of Brown Bear ammunition;
- t. sixty (60) rounds of 7.62x39mm caliber ammunition (JSC);
- u. fifty (50) rounds of .22 caliber ammunition (Federal);
- v. fifty (50) rounds of .22 caliber ammunition (Remington);
- w. fifty (50) rounds of .22 caliber ammunition (Aguila Golden Eagle);
- x. fifty (50) rounds of .22 LR caliber ammunition (American);
- y. two hundred (200) rounds of .22 LR caliber ammunition (Winchester);
- z. one hundred and fifty (150) rounds of .22 LR caliber ammunition (Blazer);
- aa. fifty (50) rounds of .22 LR caliber ammunition (CC1);

bb.  forty (40) rounds of 7.62x39mm caliber ammunition (Metak);

cc.  seven (7) rounds of .45 auto caliber ammunition (RP);

dd.  one hundred (100) rounds of Winchester 45C ammunition;

ee.  ten (10) 20 gauge shot gun shells (Remington);

ff.  one hundred and forty (140) rounds of 7.62x39mm caliber ammunition (TulAmmo);

gg.  thirty (30) 12 gauge shotgun shells (Winchester Super X);

hh.  seven (7) Winchester shotgun shells;

ii.  thirty seven (37) rounds of Speer Lawman ammunition;

jj.  six (6) rounds of .45 Auto caliber ammunition (Speer); and

kk.  twenty (20) rounds of .308 caliber ammunition (Fusion).

27. After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

28. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

29. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

30. The defendant agrees to voluntarily abandon all of the items seized during the search warrant executed by law enforcement at 6480 County Road 21, Addison, New York, on April 5, 2019, and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim.

31. The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the aforementioned

property and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

32. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the assets survives and shall be given full force and effect. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

### IX. TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, PATRICK W. CARLINEO, JR., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: *signature*
BRETT A. HARVEY
Assistant United States Attorney

Dated: November 18, 2019

I have read this agreement, which consists of pages 1 through 15. I have had a full opportunity to discuss this agreement with my attorney, SONYA A. ZOGHLIN, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I

understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
PATRICK W. CARLINEO, JR.
Defendant

Dated: November 18, 2019

_____
SONYA A. ZOGHLIN, ESQ.
Attorney for the Defendant

Dated: November 18, 2019