# Federal Public Defender's Office
## Western District of New York

Marianne Mariano
**Federal Public Defender**
marianne_mariano@fd.org

Sonya A. Zoghlin
**Asst. Federal Public Defender**
Sonya_Zoghlin@fd.org

28 East Main Street
First Federal Plaza, Suite 400
Rochester, New York 14614

585-263-6201
Fax: 585-263-5871

Buffalo Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
716-551-3341
716-551-3346-fax

Reply to: Rochester

March 16, 2020

Hon. Frank P. Geraci, Jr.
Chief Judge
United States District Court
100 State Street
Rochester, NY 14614

Re: *United States v. Patrick Carlineo,* 19-CR-06140-FPG

Judge Geraci:

  I'm writing to supplement my previous letter, filed earlier today, in which I expressed Mr. Carlineo's objection to the special condition of supervised release requiring him to participate in restorative justice activities through Partners in Restorative Initiatives (PiRI). *See* Doc. 49. After filing that letter, I spoke with Will Bontrager, the founder of this program and the individual who reached out to the Court in advance of Mr. Carlineo's sentencing hearing. *See Doc. 49.,* Exhibit B. He was able to provide me with some additional information about the program and his intentions when he communicated that information to the Court. He also advised me that he had not been contacted by the Court or any other party about his letter before the sentence was imposed.

  Mr. Bontrager confirmed that he considers participation in a restorative justice program to be both a voluntary endeavor and an alternative to incarceration, rather than a requirement of post-incarceration supervision. In fact, he was quite concerned that the imposition of a prison sentence would be counter-productive to the goals of any restorative justice program. Mr. Bontrager also confirmed that the ideas he presented in his letter to the Court were intended only as examples of programming options, not a fully formed or structured plan.

  If the Court were to reconsider the prison term imposed, Mr. Bontrager would be very interested in meeting with the Court and/or other parties, including Mr. Carlineo, to fashion a structured program that would be appropriate for both Mr. Carlineo and the community. Mr. Carlineo is also willing to participate, as an alternative to his incarceration, in creating a program that would be acceptable to the Court, tailored to his circumstances, and specific enough for all to understand what is required to satisfy this condition.

  In light of this additional information, Mr. Carlineo respectfully requests that this Court vacate that portion of the sentence requiring him to serve one year and one day in prison and, in its place, permit the parties and Mr. Bontrager an opportunity to present the Court with a

2 | P a g e

structured plan for a restorative justice program that would meet the goals of sentencing set forth in 18 USC 3553(a). In the alternative, Mr. Carlineo renews his request that the special condition of supervised released discussed above be vacated for the reasons set forth in Document 49.

       Thank you for your consideration.

       Respectfully,

**/s/ Sonya A. Zoghlin**
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, New York 14614
(585) 263-2601; FAX: 585-263-5871
sonya_zoghlin@fd.org
*Counsel for Patrick Carlineo*

cc:    Brett Harvey, AUSA
        Erin Wong, USPO